IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   1:23-CR-140 (AMN) |
| | ) | |
| v. | ) | Government's Sentencing Memorandum |
| | ) | |
| **MICHAEL MURRAY,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Court impose a sentence of imprisonment of 30 months followed by 1 year supervised release. The recommended sentence is sufficient, but not greater than necessary, to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2).

**I.     INTRODUCTION**

On May 15, 2023, pursuant to a written plea agreement, the defendant pled guilty to Conspiracy to Possess With Intent to Distribute Marijuana and Tetrahydrocannabinol (THC), in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C). The defendant is not in custody and is scheduled to be sentenced on September 12, 2023.

**II.    APPLICABLE STATUTORY AND GUIDELINES PROVISIONS**

    **a.  Statutory Maximum Sentences**

The defendant's conviction subjects him to the following maximum penalties:

a) **Maximum term of imprisonment:** 20 years, pursuant to 21 U.S.C. § 841(b)(1)(C).

b) **Maximum fine:** $1,000,000, pursuant to 21 U.S.C. § 841(b)(1)(C).

c) **Supervised release term:** 3 years and life, to begin after imprisonment. *See* 18 U.S.C. § 3583(k).

### b. Guidelines Provisions

As detailed below, the government agrees with the Probation Office's calculation of the defendant's sentencing range pursuant to the United States Sentencing Guidelines.

#### i. Offense Level

The base offense level is 24. *See* PSIR ¶ 22. The base offense level is decrease by two levels as the defendant is safety valve eligible, pursuant to U.S.S.G. §2D1.1(b)(18).

#### ii. Acceptance of Responsibility

The defendant is entitled to a two-level downward adjustment to his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). The government moves for an additional one-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b) to credit the defendant for having "assisted authorities in the investigation and/or prosecution of his own conduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." The resulting total offense level is 19. *See* PSIR ¶ 29-31.

#### iii. Criminal History Category

The government agrees with and adopts Probation's calculation of the defendant's Criminal History Category as Category I. *See* PSIR ¶ 37.

#### iv. Guideline Range and Sentence

As described above, the defendant's combined offense level is 19 and criminal history category is I. As a result, absent any departures, the federal sentencing guidelines advise that the defendant receive a sentence of 30 to 37 months imprisonment. The defendant is also subject to a supervised release term of between 1 and 3 years; a $100 special assessment; a fine between $10,000 to $1,000,000, and forfeiture as outline in the preliminary forfeiture order.

### III.     GOVERNMENT'S SENTENCING RECOMMENDATION

The government respectfully requests a sentence of imprisonment of 30 months followed by 1 year supervised release. The recommended sentence is sufficient, but not greater than necessary, to comply with the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2).

**The Nature, Circumstances, and Seriousness of the Offense.** The offense conduct here supports the government's recommended sentence. Between December 2020 and March 2022, the defendant purchased and distributed at least 50 kilograms of marijuana from a California-based supplier. The defendant either drove across country himself to purchase marijuana or used a courier to make the purchase on his behalf. Thereafter, the defendant distributed the marijuana to multiple drug re-distributors in the Capital District. Upon the execution of a search warrant at the defendant's residence, law enforcement located 9.3 grams of lysergic acid diethylamide (LSD), 487.3 grams of marihuana, 1600.4 grams of Tetrahydrocannabinol (THC), and $10,450 in United States currency; evidence indicative of the defendant's possession with intent to distribute marijuana and THC and his intention to profit from those sales.

**The History and Characteristics of the Defendant.** The defendant's history and characteristics also weigh in favor of the recommended sentence at the low-end of the guideline range. The defendant has a limited criminal history that includes a 2011 conviction for the sale of marijuana for which he was sentenced to three years probation. The defendant lives in a stable home and is gainfully employed. Further, the defendant's pre-trial supervision was terminated due to the defendant's compliance. Nonetheless, the defendant was a major marijuana and THC distributor in the Capital District and, the recommended sentence is a sufficient deterrent and punishment given the particular circumstances of this defendant.

**Respect for the Law, Just Punishment, and Deterrence.** A term of imprisonment of 30 months followed by 1 year supervised release will promote respect for the law, provide just

punishment, and further both specific deterrence to the defendant and general deterrence to others. As the Supreme Court has observed, "in the ordinary case, the [Sentencing] Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 89 (2007); *see, e.g., Gall v. United States*, 552 U.S. 38, 46 (2007) (Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Within-Guidelines sentences also promote Congress's goal in enacting the Sentencing Reform Act – "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).

        Respectfully submitted,

        CARLA B. FREEDMAN
        United States Attorney

By:   */s Ashlyn Miranda*
       Ashlyn Miranda
       Assistant United States Attorney
       Bar Roll No. 700759

## CERTIFICATE OF SERVICE

I hereby certify on August 17, 2023, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to counsel for the defendant.

*/s Ashlyn Miranda*
Ashlyn Miranda
Assistant United States Attorney
Bar Roll No. 700759
